WILSON, Respondent, vs. JOHNSON, Appellant.

*September 4 — September 24, 1889.*

*(1) Liens: Action, legal or equitable? Jury trial. (2) Execution.
(3) New trial: Newly discovered evidence.*

1. An action to enforce a lien upon a pledge is an equitable one, triable by the court.
2. Execution on a judgment against the defendant therein should issue only upon order of the court for a deficiency after sale.
3. The defendant moved for a new trial on the ground of newly discovered evidence tending to show that he was elsewhere on the day that the contract in suit is found by the court to have been made. His affidavit also stated that he would be able to prove that the contract was made, if at all, on Sunday, and was therefore void; but nothing in any of the affidavits tended to show that it was made on Sunday. *Held,* that the motion was properly denied. The defendant was chargeable with knowledge of the time when the contract was made, and if made on Sunday he should have so testified on the trial.

APPEAL from the Circuit Court for *Kenosha* County.

The complaint, briefly stated, alleges that on or before January 18, 1886, a certain mare of the defendant was stolen from his premises in the city of Kenosha; that about that date he learned that his mare was at Valparaiso in the state of Indiana, and applied to the plaintiff to go with him to the latter place and assist him in recovering her, and agreed with the plaintiff that if he would do so, and pay his own and the defendant's expenses in going there, and the expense of obtaining possession of the mare, including the payment of any charges thereon, the plaintiff might retain the mare in his possession, if recovered, as security for all sums of money so advanced; that the plaintiff entered into and performed the agreement on his part, advanced the necessary money (stating the amount thereof), recovered the mare, and took her to Kenosha, and has ever since held possession, claiming a lien on her for such advances and the

cost of her food and keeping; that the defendant, though often requested, has refused and neglected to pay said advances and the expense of keeping the mare as he agreed to do; and that the mare is worth $225. Judgment is demanded for the amount of such advances and expenses, with interest, and that the plaintiff "be adjudged to have a lien upon said mare for said amount, and that he may enforce the same according to law," and for general relief.

The defendant answered, denying specifically nearly all of the material allegations of the complaint. The answer amounts, substantially, to a general denial. He also interposed a counterclaim for loss of the use of his mare while in the possession of the plaintiff.

When the cause was called for trial, the defendant demanded that it be tried by a jury, but the demand was denied, and the court proceeded to try the same as an equitable action, without a jury. After the trial the court filed its findings of fact, which are equivalent to a finding that all the material allegations of the complaint, as above stated, are true. The amount of plaintiff's lien on the mare was found to be $225.25. The conclusions of law deduced by the court from such facts are to the effect that the plaintiff has a lien upon the mare, and is entitled to a judgment for the above sum and costs, which judgment should declare his lien on the mare therefor and should direct that she be sold and the proceeds of the sale be first applied to the payment of the plaintiff's lien and costs,— the surplus, if any, to be paid into court for the use of the defendant. Directions for giving notice of the sale are also given. Judgment was thereupon ordered and entered in accordance with such conclusions of law.

After the entry of judgment and at the same term, the defendant moved the court to vacate the judgment, and for a new trial, on the ground of newly discovered evidence. The nature of this evidence is stated in the opinion. The court denied the motion.

The defendant appeals to this court from the judgment and from the order denying the motion for a new trial.

The cause was submitted for the appellant on the brief of *Howard Van Wyck*, and for the respondent on that of *James Cavanagh*.

For the appellant it was contended, *inter alia*, that in this action the equitable right to the lien depends upon the legal right to recover the indebtedness, which is denied. A cause of action for the recovery of money is legal and for the jury. 3 Wait's Practice, 175; *Harrison v. Juneau Bank*, 17 Wis. 350; *Gunn v. Madigan*, 28 id. 158. While equity acts without the aid of a jury, yet where the equity claimed is founded upon an alleged legal right the court will direct an issue for a jury. 1 Story's Eq. Jur. sec. 72; 1 Wait's Practice, 20, 436.

Lyon, J. 1. Although there is considerable conflict in the testimony, a careful perusal of it satisfies us that it sustains the findings of fact; at least there is no such clear preponderance of testimony against any of the findings as will authorize us to disturb them. Such findings fully support the conclusions of law and the judgment.

2. We are of the opinion that the action is an equitable one, notwithstanding a personal judgment was demanded and, in form, rendered against the defendant for the amount of the lien. It is said of such cases in 2 Story's Eq. Jur. § 1033, that "the course now adopted is to bring a bill in equity to foreclose and sell the pledge, in which case an absolute title passes to the vendee." True, it was held in *Marsh v. Fraser*, 27 Wis. 596, that an action brought under ch. 153, R. S. 1858, was an action at law on contract. That was a statutory action, and the judgment went upon the grounds that the statute giving such actions denominated them personal actions, and provided for enforcing judgments therein by execution. Neither of these control-

ling elements are in the present case. This is not a statutory action. The statute merely provides that, if the value of the pledge exceed $100, the lien thereon "may be enforced against the same by action in any court having jurisdiction." R. S. sec. 3347. It does not characterize the action either as one at law or in equity, and the judgment is not enforced by execution. At least, no execution should be issued until after the sale of the pledge, and then only on order of the court for the deficiency after applying the proceeds of the sale towards the payment of the amount of the lien. The judgment does not award an execution, but requires the officer making the sale of the pledge to report such sale to the court. The record shows that such report has been made. On confirmation thereof the court may order execution for the deficiency. We perceive no difference in principle between this action and one to foreclose a mortgage on real estate. In actions of the latter class the amount due on the mortgage debt is often sharply litigated. Yet that fact does not make them legal actions, nor entitle a mortgagor to a jury trial on any of the issues.

We conclude the circuit court did not err in denying the motion of the defendant that the issues herein be tried by a jury.

3. The issue made upon the defendant's counterclaim for loss of the use of his mare is one at law, but it ceased to be of any importance — was practically eliminated from the case — when it was established that the plaintiff held the mare as a valid pledge.

4. The court found that the contract pledging the mare was entered into by the parties on January 16, 1886. It is said this was on Saturday. The newly discovered evidence upon which the motion for a new trial was founded is in the nature of an *alibi*. It tends to show that the defendant was elsewhere on that day and could not have been in communication with the plaintiff. The defendant avers in

his affidavit that he will be able to prove, on another trial, that the alleged contract was made, if at all, on Sunday, January 17, and is therefore void. But there is nothing in any of the affidavits tending to show that the contract was entered into on Sunday. Moreover, the defendant is chargeable with knowledge of the time the contract was made, and, if made on Sunday, he should have so testified on the trial. He failed to do so, but contented himself with a denial that any such contract was ever made. In brief, the affidavits fail to show any diligence on the part of the defendant to discover evidence that the contract was made on Sunday, or that he has discovered any such evidence.

The foregoing observations cover all the errors assigned, and overrule all the material exceptions of the defendant.

*By the Court.*— The judgment and order appealed from are affirmed.