[No. 82. Decided December 19, 1890.]

INSTALLMENT BUILDING AND LOAN COMPANY v. J. W. WENTWORTH.

MECHANICS' LIEN—NOTICE—FORECLOSURE—JURY TRIAL.

In a suit to foreclose a mechanics' lien against the "Installment Building and Loan Company," for material furnished the corporation itself, it is an immaterial variance where the notice of claim of lien offered in evidence described the corporation as the "Installment Building and Loan Association."

The foreclosure of a mechanics' lien being a proceeding properly cognizable in a court of equity, the defendant in such a suit cannot, by setting up a claim for damages for breach of contract, demand a trial by jury, although the statutes of this state give him the right to interpose such legal defense.

*Appeal from Superior Court, Clarke County.*

Action by John W. Wentworth against the Installment Building & Loan Company to foreclose a mechanics' lien. Defendant answered by general denial, s͟ '͟ing up also the

insufficiency of the lien notice, and plaintiff's failure to complete his contract, and setting out its counter claim for damages. Plaintiff filed his reply, admitting the contract substantially as alleged in defendant's answer, but denying generally all other allegations. On this issue thus joined defendant demanded a jury trial, which was denied. Trial by the court and judgment against defendant, from which judgment defendant appeals.

*Green & King*, for appellant.

*Coovert & Miller*, for appellee.

A misnomer will not prevent a recovery against a corporation in its true name, provided its identity with that intended by the parties be assured in the pleadings and apparent in the proof. *Souhegan Factory v. McConihe*, 7 N. H. 309; *Dutchess Cotton Mfg. Co. v. Davis*, 14 Johns. 238; 7 Am. Dec. 459; *Hammond v. Shepherd*, 29 How. Pr. 188; Phillips, Mech. Liens, § 346.

A party is not entitled as a matter of right to a trial by jury of an action to foreclose a mechanics' lien, it being a proceeding in equity; and the granting or refusing of a jury trial in such cases being entirely within the discretion of the court. *Curnow v. Mining Co.*, 68 Cal. 262; *Societe Francaise v. Selheimer*, 57 Cal. 623.

When a court of equity once acquires jurisdiction of a cause for any purpose, it retains it for all purposes, and proceeds to final determination of all matters in issue, 1 Pom. Eq., §§ 181, 183, 231–242; *Oelrich v. Spain*, 15 Wall. 211; *Hamilton v. Cummings*, 1 Johns. Ch. 517; *Hawley v. Cramer*, 4 Cow. 717; *Rathbone v. Warren*, 10 Johns. 587; *Bradley v. Bosley*, 1 Barb. Ch. 125; *Keeton v. Spradling*, 13 Mo. 321; *Mays v. Taylor*, 7 Ga. 238; *Martin v. Tidwell*, 36 Ga. 332.

The opinion of the court was delivered by

HOYT, J.—Plaintiff sought to foreclose a lien for mate-

rial furnished and labor done for defendant in the construction of a dwelling house on the land of the defendant. Defendant in its answer, among other things, set up a claim for damages for breach of the contract by the plaintiff.

In the notice of claim of lien the defendant corporation was described as " Installment Building and Loan Association," whereas, in fact, its true name was " Installment Building and Loan Company." The notice of claim of lien is attacked on the ground of this variance between it and the pleadings and proofs. We do not think that the variance was material. The corporation itself was making the improvement and could not have been misled by the slight error in stating its name. The case might be different if the property of the corporation was sought to be charged for an improvement for which it had not contracted.

The defendant demanded a trial by jury upon the issues raised by its answer and the reply thereto. This was refused by the court, and its action in so doing is relied upon as cause of reversal. That the foreclosure of a mechanics' lien is properly cognizable in a court of equity is not denied, but it is contended that as the defendant had a right under our statute to interpose a legal defense, that all rights incident to such legal defense and the issues made thereon went with it, including that of a trial by jury. With this contention we cannot agree. A court of equity having once obtained jurisdiction of the cause will retain it until final determination. 1 Pom. Eq. Jur., §§ 181, 183; *Rathbone v. Warren*, 10 Johns. 587; *Martin v. Tidwell*, 36 Ga. 332. The circumstance that in the progress of the cause an issue of fact was made that would ordinarily be triable by a jury cannot change this rule. It is true, as claimed by the appellant, that a plaintiff cannot, by joining a legal with an equitable cause of acton, deprive a defendant of his right to a jury trial. But that does not aid the appellant in his

contention; on the contrary, from like reasoning it would seem to follow that a defendant, by voluntarily bringing a law question into the case, could not prevent a plaintiff from having his equitable cause proceed to a determination according to the rules applicable to such cases. Defendant in the case at bar could have maintained a separate action for its alleged damages, and if instead of doing so it saw fit to plead them in a cause in equity, it could not thereby change the rule of procedure applicable to such cause.

The transcript presents other questions that might be material and worthy of consideration on this appeal, but as they do not go to the jurisdiction of the court, and have not been raised or argued by counsel, we do not feel called upon to discuss them.

The judgment and decree of the superior court must be affirmed, and it will be so ordered.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.