97  643
104  526

D. H. LEACH AND C. N. GODDARD, Administrators of
the Estate of A. P. LEACH, Deceased, v. SAMPSON
KUNDSON, SIDSEL KUNDSON, *et al.*, Appellants.

**Revivor:** Evidence held to establish.

**Practice:** TRANSFER TO EQUITY. An answer in an action in equity
to foreclose a mortgage, pleading payment and the statute of
limitations as defenses, does not entitle defendant to a jury trial.

**Appeal:** COSTS. Costs of an appeal will be awarded against an appel-
lee, though the judgment be substantially affirmed, where he
made no offer to remit in the lower court, an amount erroneously
included in the judgment.

*Appeal from Winneshiek District Court.*—HON. A. N.
HOBSON, Judge.

SATURDAY, APRIL 11, 1896.

SUIT in equity to foreclose a mortgage. Defense,
statute of limitations and payment of the note secured
by the mortgage. Trial to the court, judgment and
decree for plaintiffs as prayed, and defendants appeal.
—*Affirmed.*

*E. P. Johnson* for appellants.

*Geo. W. Adams* for appellees.

DEEMER, J.—The action is predicated upon a
note, for the sum of four hundred dollars, made and
executed by the defendant, Sampson Kundson, to one
A. P. Leach, on the first day of May, 1876, due on or
before the first day of May, 1880, and a mortgage
made to secure the note, upon certain real estate,
signed by Sampson Kundson and Sidsel Kundson, his
wife. The payee of the note is dead, and this suit
was commenced by his administrators on the tenth

day of May, 1892. To avoid the statute of limitations, the administrators alleged that the note was revived by an instrument in writing, signed by the defendant, Sampson Kundson, of which, the following is a copy: "Decorah, Iowa, April 26, 1890. For value received, and in consideration of an extension of time, this note is hereby extended, and I promise to pay said note as therein expressed, and in accordance with this extension. Sampson Kundson. Witness: D. H. French." The defendant admits the execution of this instrument, but says that it referred to another note, for the sum of two hundred and four dollars and sixty cents, which A. P. Leach then held against him, and that it had no reference to the note in suit. After defendants had filed their answer, pleading payment and the statute of limitations, they filed a motion, asking that the cause be tried to a jury, upon the ground that such issues were tendered as entitled them to a jury trial. This motion was overruled, and error is assigned upon the ruling. We think the motion was properly overruled. The plaintiff properly commenced his suit in equity, and the defendants tendered no such issue as entitled them to a change of forum.

II. Appellants insist that plaintiffs have failed to show that the note upon which the suit was brought has been revived. They contend that the preponderance of the evidence is with them in their claim that the instrument relied upon to constitute a waiver had reference to another note. This presents a question of fact, which is the only one of serious consequence in the case. A careful examination of the evidence as it appears in the transcript, leads us to the conclusion that the district court correctly found that the written instrument relied upon was made with reference to the note in suit. When the note was presented at the trial, it

had the instrument of revivor attached to it, and there is evidence that it was so attached at the time the defendant, Kundson, signed the revivor. Indeed, we have no doubt that it was attached to the note when the defendant signed it. True, the defendant and the members of his family testify that, in all the conversations had between the parties before the instrument was signed, reference was made to the two hundred and four dollars and sixty cents note; yet we think the preponderance of the evidence shows that the writing, dated April 26, 1890, was, at the time it was signed, attached to the four hundred dollar note, and that it was made with intent to renew it. All the presumptions are with the plaintiffs, and these are aided by the testimony of other disinterested witnesses, and by the circumstances surrounding the case. There is no competent evidence of the payment of the note, and nothing is said in argument by appellants' counsel regarding this claim. The court below rendered judgment against the defendant, Sampson Kundson, for the sum of one thousand, three hundred and fourteen dollars and seventy-five cents. A mistake was evidently made in computing the amount due, occasioned, no doubt, by the erroneous idea that the interest should be compounded, and that interest should be computed on interest at the rate of ten per cent. This was clearly erroneous, and is conceded to be by the appellee. The judgment should have been for nine hundred and nine dollars and sixty cents, instead of the sum found due by the court.

In all other respects the decree should be affirmed. As appellee, however, made no offer to remit in the lower court, he should pay the costs of this appeal.—MODIFIED AND AFFIRMED.