## ALBERT GRESENS v. A. MARTIN.

### (145 N. W. 823.)

**Suits in equity — jury trial — constitutional provisions — statutory provisions — issues — courts — jury — verdict — advisory.**

1. In the absence of express constitutional or statutory provision, there is no right to a jury trial in suits in equity. It has always been the province of the courts of equity to determine issues of fact as well as of law, and while the court may submit questions of fact to a jury, this is purely a matter of discretion, and the verdict in such cases is purely advisory.

**Issue of law — tried by court — judge — issue of fact — jury.**

2. This is also the rule under § 7009, Rev. Codes 1905, which provides that "an issue of law must be tried by the court or by the judge. An issue of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial is waived as provided in § 7038., or a reference is ordered as provided in §§ 7046 and 7047. Every other issue is triable by the court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury or by a referee, as provided in §§ 7046 and 7047."

**Chattel mortgage — action to foreclose — equitable — answer — issue of law — jury trial.**

3. An action to foreclose a chattel mortgage is essentially a suit in equity, and the same cannot be transformed into an action at law by merely raising an issue of law as the defense in the answer. The interposition of such a defense, therefore, does not secure to the defendant the right to a trial by jury of the legal defenses pleaded.

Opinion filed March 2, 1914.

Appeal from the District Court of Rolette County, *Cowan,* J.

Action to foreclose a chattel mortgage. Judgment for plaintiff.
Defendant appeals.
Affirmed.

Statement by BRUCE, J.

The complaint in this action set out the making and delivery of two promissory notes, that to secure the same a chattel mortgage had been executed by the defendant, and prayed for a foreclosure of the mortgage. Defendant in his answer admitted the execution and delivery of the notes and of the chattel mortgage, but claimed that the notes were given in settlement of the purchase price of an engine, that there was fraud in their obtaining, and a breach of warranty in regard to the machine, also a subsequent agreement with one John Gresens, to whom one of the notes was originally made, said note being subsequently transferred to the plaintiff, whereby the defendant was to sell and dispose of the engine as best he could, and keep enough money out of the sale to reimburse him for his trouble in making the same and for a payment that he had already made to the said Gresens on the said machine. There was also a claim that the plaintiff, the assignee of the Gresens' note, was not an innocent purchaser for value. At the beginning of the trial the defendant demanded a jury. This motion was denied. It was renewed at the end of the plaintiff's case, and for the purpose of trying the issues set out in the answer, but was again overruled. The only question to be determined upon this appeal is the determination of the trial court upon these matters; that is to say, whether or not the defendant was entitled to a jury to try the issues raised by the answer.

*William Bateson,* for appellant.

The only issues for trial were issues of law raised by defendant's answer, and were triable by jury, and defendant had not waived a jury. Rev. Codes 1905, § 7009; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Suessenbach v. First Nat. Bank, 5 Dak. 477, 41 N. W. 662; George v. Silva, 68 Cal. 272, 9 Pac. 257; Swasey v. Adair, 88 Cal. 179, 25 Pac. 1119; 7 Enc. Pl. & Pr. 810, 811; Rudisill v. Whitener, 146 N. C. 403, 15 L.R.A.(N.S.) 81, 59 S. E. 995.

*Flynn & Traynor,* for respondent.

Defendant was not entitled to a jury trial. A case properly in equity

cannot be transformed into a *law* case, by the filing of answer which raises an issue. Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410; Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; 24 Cyc. 111; 12 Enc. Pl. & Pr. 239; 9 Enc. Pl. & Pr. 396; 24 Cyc. 127 (h); 6 Am. & Eng. Enc. Law, 976.

While the court may submit questions of fact in equity cases to a jury, this is wholly discretionary, and the verdict in such cases is merely advisory. Wilson v. Johnson, 74 Wis. 337, 43 N. W. 148; Downing v. Le Du, 82 Cal. 471, 23 Pac. 202; Leach v. Kundson, 97 Iowa, 643, 66 N. W. 913; Installment Bldg. & Loan Co. v. Wentworth, 1 Wash. 467, 25 Pac. 298; Cole v. Bean, 1 Ariz. 377, 25 Pac. 538; Morrissey v. Broomal, 37 Neb. 766, 56 N. W. 383.; Dohle v. Omaha Foundry & Mach. Co. 15 Neb. 436, 19 N. W. 644; Johnson v. Peterson, 90 Minn. 503, 97 N. W. 384; Sharmer v. McIntosh, 43 Neb. 509, 61 N. W. 727; Daniels v. Mutual Ben. L. Ins. Co. 73 Neb. 257, 102 N. W. 458; Morgan v. Field, 35 Kan. 162, 10 Pac. 448.

BRUCE, J. (after stating the facts as above). The defendant and appellant contends that he admitted all of the allegations of the complaint in his answer, but set up an independent or affirmative action by way of defense of a breach of warranty, and that consequently there was no equitable issue left to be tried by the court. The existence and validity of the chattel mortgage and of plaintiff's right to foreclose the same were, he says, secondary matters in the action which could not be adjudicated until the question of the liability of the defendant to the plaintiff in some amount had been determined. He states that § 7009, Rev. Codes 1905, provides, among other things, that "an issue of fact in an action for the recovery of money only must be tried by a jury," and that in the case at bar the first question to be decided and adjudicated was whether or not the defendant was indebted in any sum to the plaintiff. He maintains that only after such a finding by a jury was it competent for the court sitting as a court of equity to adjudicate the matter of the foreclosure of the chattel mortgage. He contends that had the action been started on the law side of the court, and the equitable issues raised by the answer, the correct practice would have

been for the court first to decide all the equitable issues, and then, if there remained any more issues to be disposed of, to call a jury for the purpose of deciding the facts on the law side of the court. He maintains that such being the case, a jury cannot be denied when demanded in an action where the complaint raises the equitable, and the answer the legal, issues.

We concede the correctness of plaintiff's premise, that had the action been started on the law side of the court and the equity issues raised by the answer, the correct practice would have been for the court to first decide all of the equitable issues, and then if there remained any more issues to be disposed of, to call a jury for the purpose of deciding the facts on the law side of the court. See Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Swasey v. Adair, 88 Cal. 179, 25 Pac. 1119; Sussenbach v. First Nat. Bank, 5 Dak. 504, 41 N. W. 662. We cannot, however, agree with his conclusion that "such being the case, a jury cannot be denied when demanded in an action where the complaint raises the equitable and the answer the legal issues." Section 7009, Rev. Codes 1905, provides that "an issue of law must be tried by the court or by the judge. An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial is waived as provided in § 7038, or a reference is ordered as provided in §§ 7046 and 7047. Every other issue is triable by the court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury or by a referee, as provided in §§ 7046 and 7047." It will be noted that this section merely provides for a jury as a matter of right "in an action for the recovery of money only or of specific real or personal property." An action for the foreclosure of a chattel mortgage is not "an action for the recovery of money only or of specific, real or personal property." The rule as laid down in the books is practically that given in 24 Cyc., page 111, where it is said that, "in the absence of express constitutional or statutory provision, there is no right to a jury trial in suits in equity. It has always been the province of the court in equity to determine issues of fact as well as of law; and while the court may submit questions of fact to the jury, this is purely a matter of discretion, and the verdict in such cases is merely advisory." See also 12 Enc. Pl. & Pr. 239; 9 Enc. Pl. & Pr. 396; 24 Cyc. 127(h); 6 Am. & Eng. Enc. Law, 976.

It seems also to be well established that an action to foreclose a chattel mortgage is essentially a suit in equity, and that the same cannot be transformed into an action at law by merely raising an issue of law as a defense in the answer, and this even if we admit that a defense of fraud or failure of consideration is in such cases a strictly legal defense, which we are far from doing. Schumacher v. Crane-Churchill Co. 66 Neb. 440, 92 N. W. 609; Albin v. Parmele, 73 Neb. 663, 103 N. W. 304; Daniels v. Mutual Ben. L. Ins. Co. 73 Neb. 257, 102 N. W. 458; Wilson v. Johnson, 74 Wis. 337, 43 N. W. 148; Downing v. LeDu, 82 Cal. 471, 23 Pac. 202; Leach v. Kundson, 97 Iowa, 643, 66 N. W. 913; Installment Bldg. & Loan Co. v. Wentworth, 1 Wash. 467, 25 Pac. 298; Cole v. Bean, 1 Ariz. 377, 25 Pac. 538; Morrissey v. Broomal, 37 Neb. 766, 56 N. W. 383; Dohle v. Omaha Foundry Co. 15 Neb. 436, 19 N. W. 644; Johnson v. Peterson, 90 Minn. 503, 97 N. W. 384; Sharmer v. McIntosh, 43 Neb. 509, 61 N. W. 727; Morgan v. Field, 35 Kan. 162, 10 Pac. 448; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410; Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012.

Under these authorities and under § 7009, Rev. Codes 1905, it may have been within the power of the court to have ordered the specific questions of fact tried by a jury; but in such a case the verdict of the jury would have been advisory merely, and as to whether a jury should have been summoned or not was a matter purely within the discretion of the trial court.

The judgment of the District Court is affirmed.