STATE BANK OF CUTHBERT, Respondent, v. CARLTON, Appellant.

## (183 N. W. 119.)

(File No. 4815.   Opinion filed June 2, 1921.)

1. **Appeal—Trial to Court, Order Granting Motion For, Whether Appealable as "Involving Merits"—Statute.**

    An order sustaining a motion that the action be tried before court without jury, is an appealable order as one which "involves the merits of an action or some part thereof," within Subd. 4, Sec. 3168, Code 1919.

2. **Trial—Suit to Recover on One Note, Non-payment Alleged, Allegation Denied, Second Cause to Reform Another Note, Counterclaim Issue Re First Cause—Defendant's Right to Jury Trial.**

    Where in one cause of action recovery on a note was sought under allegation of non-payment, which allegation was denied, and upon a second cause of action for reformation of another note and for judgment for amount claimed due thereon, the answer denying all allegations save execution of first note, and pleading the counterclaim thereto, **held,** the action is triable to a jury, and trial court erred in sustaining plaintiff's motion for a court trial; that in a suit on a promissory note with allegation of non-payment followed by general denial, an issue of fact is raised involving payments upon the notes and existence of counterclaim, which issues defendant (who had moved for jury trial) was entitled to have submitted to jury, while all that plaintiff was entitled to was a ruling that court decide issue as to reformation; and, having in one action sought reformation of and recovery on one note, and also recovery on another, defendant was entitled to jury trial on all issues save that of reformation.

3. **Same—Defendant's Failure to Demand Separate Trial on Note Not Involving Reformation, Whether Waiver of Jury Trial.**

    The fact that in said suit defendant failed to demand a separate trial on the note of which no reformation was sought, did not constitute waiver of right to jury trial, he having moved for jury trial, plaintiff having moved for court trial; Purcell v. International Harvester Co., 37 S. D. 517, distinguished.

4. **Trial—Pleadings Warranting Jury Trial—Deposition, Involving Amount of Note Re Reformation Thereof, Alleged to Involve an "Elaborate Accounting," Court Trial Not Warranted**

    Where the pleadings warrant trial to a jury, **held,** (conceding that trial court could go beyond pleadings and consider the deposition) that plaintiff's contention that a deposition on file when defendant's motion for jury trial was overruled and plaintiff's motion for court trial was sustained, involved an "elab-

orate accounting," but the deposition merely tended to establish that one of the notes in suit, sought to be reformed and as reformed recovered upon, was for a larger amount than disclosed therein,—was untenable.

Gates, J., dissenting.

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by the State Bank of Cuthbert, a banking corporation, against T. J. Carlton, to recover upon one promissory note and for reformation of and judgment upon another note. From an order sustaining plaintiff's motion that the action be tried before the court without a jury, defendant appeals. Reversed.

*Kirby, Kirby & Kirby,* for Appellant.

*J. E. Whiting,* and *Spangler & Wire,* for Respondents.

(1) To point one of the opinion, Appellants cited: Leisch v. Baer, 24 S. D. 184; White v. Railway Co., 5 Dak. 508.

(2) To point two, Appellant submitted that: The first cause of action, likewise that set forth in counterclaim, are legal, not equitable; and statute allowing uniting of legal and equitable causes cannot change constitutional right to jury trial; while nothing set forth in plaintiff's second cause of action entitles to equitable relief.

WHITING, J. Plaintiff pleaded two causes of action. Both were on promissory notes—the one sought judgment for amount claimed due on the first note; the other sought reformation of the second note and judgment for amount claimed due thereon. The complaint specifically alleged nonpayment of the notes. The answer denied each and every allegation except as admitted; admitted the execution of the first note; and pleaded a counterclaim. To this counterclaim plaintiff entered a general denial. Plaintiff moved that the action be tried before the court without a jury. This motion was sustained over the objection of defendant. From the order granting such motion this appeal was taken.

[1] Respondent contends that this is not an appealable order. But appellant contends that it is appealable under subdivision 4, § 3168, R. C. 1919, in that it is an order which "involves the merits of an action or some part thereof." The territorial court held, in White v. Railway Co., 5 Dak. 508, 41 N. W. 730, that an order refusing a change of place of trial was appealable under the above provision. If the place of trial involves

the "merits" of the action, certainly the nature of the tribunal that is to pass upon the issues involves the "merits" of the action. The order was appealable.

[2] Was respondent entitled to have these two causes of action tried to the court? While the authorities are somewhat at variance as to the necessity, in an action brought to recover on a promissory note, of an allegation of nonpayment, there seems to be no division of authority upon the proposition that, if the complaint does allege the fact of nonpayment, a general denial in the answer is sufficient to raise an issue of fact as to payment. Therefore, under the pleadings before us, there were issues of fact as to payments upon the notes, and the issue of fact as to the existence of the counterclaim. These issues appellant was entitled to have submitted to the jury. All that respondent was entitled to was a ruling that the court would decide the issue as to reformation. The issue as to reformation was of vital importance so far as the one note was concerned, it being sought to reform a note, apparently for $35, so that it would become a note for $3,500. Respondent might have brought an action for the sole purpose of seeking such reformation. In that case it would have been entitled to a trial before the court without a jury. When it saw fit, in one action, not only to seek a reformation of that note, but a recovery thereon, and also a recovery on another note, the court should, unless defendant waived his right to a jury trial, have protected defendant in such right as to all issues except those upon which the claim for reformation was based.

[3] But respondent contends that defendant waived his right to a jury trial by not demanding a separate trial on the note of which no reformation was sought. We cannot agree with such contention. It is suggested that our present views are not in harmony with the ruling of this court in Purcell v. International Harvester Co., 37 S. D. 517, 159 N. W. 47; but the situation disclosed by the record in the Purcell Case is entirely different from that in this case. In that case the plaintiff, by his prayer for relief, sought the rescission and cancellation of two notes. One of these notes was past due, and defendant, as a counterclaim, sought judgment thereon. Plaintiff, in reply, admitted such note had not been paid, but attacked the original validity of same.

Plaintiff noted the cause for trial as a jury case, and defendant as a court case. Defendant, by written motion, moved the cause for trial as a court case, announcing the grounds of said motion. No counter motion was made, and no objection was interposed to defendant's motion. Such motion was granted and exception taken, but no grounds for exception were given. Plaintiff, in his written argument, contended that though in his complaint he had asked for equitable relief, yet the facts pleaded did not entitle him to such relief, but did disclose a right of action for recovery of personal property, the notes, and that such an action was triable to a jury; and he further contended that, because of the counterclaim, the action had become one triable to a jury. If the complaint stated any cause of action at all, it was one for equitable relief. Having started an action triable to the court, the plaintiff in that action could not complain of the court's order placing the case on the court calendar when he did not even move that the issues on the counterclaim be submitted to a jury.

In the present case both parties moved the court—plaintiff that the case be tried by the court; defendant that it be tried by a jury. The court ruled that all issues were properly triable to the court without a jury. This ruling was clearly erroneous. So far at least as one note was concerned, there were no issues raised except such as should have been tried by a jury

[4] Respondent makes no claim that the pleadings alone entitled it to the order appealed from. It states that at the time its motion was made there was on file and before the court for its consideration the deposition of defendant; and it contends that the trial court had a right to consider the facts revealed by such deposition in determining whether or not this was an action which, in the light of all the information before the court, should be tried by the court. Respondent suggests that while, from the pleadings, it might appear that a case was one for trial by a jury, yet such case might in fact "involve an elaborate accounting between the parties involving numerous and complicated accounts." It is clearly apparent from respondent's brief that the sole ground upon which respondent believes that it had a right to have this cause tried by the court upon any issue, other than that of reformation, was because, as claimed by it, the deposition on file disclosed that it was a case which a jury could not try because of an

"elaborate accounting." Conceding for the purposes of this contention that the trial court had a right to go beyond the pleadings and consider this deposition upon this motion, yet an examination of such deposition discloses that there is no foundation in fact for respondent's contention. This deposition does not disclose that there was anything in the nature of an accounting to be had, or a long account to be examined. The deposition discloses that it was taken for the purpose of attempting to prove facts from which an inference might be drawn that the second note was intended to be for $3,500 instead of $35. The main issue, as disclosed by the questions and answers, was whether or not appellant had made one certain deposit which he claimed to have made in respondent's bank. In other words, such deposition contained evidence material to the issue of the claimed error in the note, but contained little bearing upon issue of payment and counterclaim. There was nothing in such deposition justifying the court in denying appellant a jury trial, and such trial should have been granted as to every issue except those issues upon which the question of reformation depend.

The order appealed from is reversed.

GATES, J. (dissenting.) I concede that the first cause of action was one triable by jury. The second cause of action was triable by the court. If defendant desired to have the trial upon the first cause of action had by jury, he should have moved for a separation of the issues. The record shows that plaintiff moved that the issues presented be tried by the court, and the defendant moved that the issues presented be tried by jury. The defendant was clearly not entitled to have the issues of reformation tried by jury; therefore, not having separated his demand, the court committed no error in denying it.

In Purcell v. International Harvester Co., 37 S. D. 517, 159 N. W. 47, this court said:

"The counterclaim of defendant alleged another cause of action in which, if issues were raised thereon, both parties were entitled to a jury trial as a matter of right. The trial court might have properly ordered the issues arising on the complaint to have been tried by the court, and the issues, if any, arising under the counterclaim and reply thereto to have been tried by a jury. Leisch v. Baer, 24 S. D. 184, 123 N. W. 719. Neither

party moved the court for such a separation of the issues, and no error can therefore be based on the proposition that the jury and chancery issues were not separated."

In that case, as in this, the action was tried by the court without a jury, so it seems to me that what was said therein is controlling in this case, and that the trial court was fully justified in following that case in arriving at its conclusion.

I fail to see any substantial difference between the situation confronting the court in Purcell v..Harvester Co., supra, and that confronting the court in this case at the time of the motion. I do not think it is a fair statement to say that in that case there was no demand by plaintiff for trial by jury; nor is it fair to say "and no objection was interposed to defendant's motion." That case was noticed by plaintiff for trial by jury. The printed record shows that the case was on the jury calendar. The defendant moved that the case be transferred to the court calendar. The motion was resisted by plaintiff. It was argued. The court granted the motion, and plaintiff took an exception. There was no necessity for plaintiff to make a formal demand for trial by jury at the time defendant made his motion. The case was already on that calendar. I think plaintiff in that case had in effect already made the demand.