RICHARDSON, Respondent, v. KERNS, Appellant.

(229 N. W. 301.)

(File No. 6869. Opinion filed February 21, 1930.)

*Tait & Morgan,* of Gettysburg, for Appellant.
*Sargent & Westphal,* of Gettysburg, for Respondent.

POLLEY, J. This is an appeal from an order denying appellant's motion for a trial by jury.

The action was brought to recover on a promissory note and to foreclose a chattel mortgage given to secure the payment of the said note.

Defendant admitted the execution and delivery of the note and mortgage, and that the same had not been paid, but alleged as an affirmative defense that the plaintiff had materially altered said not without the knowledge or consent of defendant.

The action, having been brought for the foreclosure of a chattel mortgage, was triable by the court as a suit in equity and without a jury. But the admissions made by the defendant eliminate all the equitabel issues presented by the complaint, and the affirmative defense interposed by the answer present legal questions only that are triable by a jury; and whether defendant is, as a matter of right, entitled to a jury trial, is the only question presented to this court by the record.

It is the contention of plaintiff that the action being one for the foreclosure of a chattel mortgage brings it within the equity jurisdiction of the court, and that the fact that the equity issues are eliminated by the answer and the interposition of a legal defense does not deprive the court of its power to retain jurisdiction and dispose of the entire case without the aid of a jury. On the other hand, the appellant contends that, by admitting the execution and delivery of the note and mortgage, and admitting that the note had not been paid, and interposing a legal defense, all the equitable features of the case were eliminated, and the issues of fact presented by the answer were triable by a jury the same as though no equitable question had ever been involved.

"An issue of law must be tried by the court or by the judge. An issue of fact for the recovery of money only or of specific real or personal property must be tried by a jury. * * * Every other issue is triable by the court which, however, may order the whole issue or any specific question of fact involved therein, to be tried by a jury, or may refer it as provided in sections 2530 and 2531." Revised Code, § 2492.

In 21 C. J. 134, § 117, the rule is stated as follows:

"It is a well-settled rule that a court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter."

And in Casey v. Smith, 36 S. D. 36, 153 N. W. 918, 920, this court said:

"When a court of equity once acquires jurisdiction of a cause for any purpose, it will retain jurisdiction for all purposes and dispose of all the issues presented."

Under a statute similar to ours, the Supreme Court of North Dakota in Gresens v. Martin, 27 N. D. 231, 145 N. W. 823, followed the same rule. Appellant calls our attention to Lehman v. Coulter, 40 N. D. 177, 168 N. W. 724, and Farmers' Nat. Bank v. Tudor, 48 N. D. 200, 183 N. W. 845, wherein they contend that the North Dakota court has adopted the rule he is contending for in this case, but in these two latter cases from North Dakota the defendants not only admitted the facts alleged in the complaints, but interposed counterclaims wherein they set up independent causes of action and asked judgment for "money only." In this case no counterclaim is interposed and no money judgment is asked. They do plead an affirmative defense based on fraud, but this is not sufficient to take the case out of the general rule and entitle the defendant to a jury trial.

The order appealed from is affirmed.

BROWN, P. J., and SHERWOOD, CAMPBELL, and BURCH, JJ., concur.