CITIZEN'S BANK OF LANE, et al, Respondents, v. WILL (McCurdy, Intervenor), Appellant.

(232 N. W. 910.)

(File No. 6943. Opinion filed November 10, 1930.)

H. G. Giddings, of Mitchell, for Appellant.

Max Royhl, of Huron, and J. H. Lammers, of Wessington Springs, for Appellees.

MISER, C. The principal question raised by this appeal is whether, as appellant contends, he is entitled under the pleadings to a jury trial. Section 2492, R. C. 1919, so far as

material, is as follows: "An issue of law must be tried by the court or by the judge. An issue of fact for the recovery of money only * * * must be tried by a jury. * * * Every other issue is triable by the court. * * *"

The expression, "issue of fact for the recovery of money, only, or of specific real or personal property," "covers and includes every right which might have been asserted in any 'case at law' under the common-law system. * * * It must be constantly borne in mind that it is the trial by a jury of an issue in a case which was formerly cognizable at law which is guaranteed by the Constitution, and not a trial in any particular court, or any particular form of action." Kenny et al. v. McKenzie, 25 S. D. 485, 127 N. W. 597, 600, 49 L. R. A. (N. S.) 782; Gray Construction Co. v. Hyde, 49 S. D. 543, 207 N. W. 536.

The pleadings in this case consist of plaintiff's complaint, defendant's answer, and the complaint in intervention of R. H. McCurdy. In his complaint, intervener McCurdy alleges that the plaintiff bank is insolvent and is being administered by the superintendent of banks; that on May 13, 1924, he (McCurdy) was indebted on his promissory notes to the plaintiff bank in the sum of about $588 and to one Vessey in the sum of $600; that, to secure the payment of these notes, he executed and delivered to defendant, Will, guarantor of the Vessey note, and to one W. W. McCurdy, cashier of plaintiff bank, a mortgage on a quarter section of land in North Dakota; that, after the failure of the bank, the said W. W. McCurdy, one of said mortgagees in trust, assigned to the bank the interest theretofore conveyed to him; that thereafter on December 17, 1925, intervener, R. H. McCurdy, and his wife executed a quitclaim deed to the land to defendant, Will, as grantee; that this deed was delivered to the examiner in charge of the plaintiff bank, and said delivery was by the intervener made conditional that the said real estate be sold and the proceeds therefrom, after paying all liens prior to the mortgages above mentioned, be applied to the payment of the $588 note to the plaintiff bank and the $600 note to Vessey, the excess to be returned to the intervener as his own property; that the sole purpose of said deed was to place the title to said property in possession so that the same could be sold in payment of the indebtedness of the intervener; that thereafter the examiner in charge of plaintiff bank negotiated

a sale of the land, and a warranty deed was thereafter duly executed by defendant, Will, and wife to the purchaser; that Will received the sum of $1,686.54 for the land; that, after reimbursing Will for taxes paid, in accordance with the trust arrangement theretofore made between intervener, plaintiff bank, and defendant, Will, the balance of the proceeds of said sale should have been applied to the payment of the notes to secure which intervener had executed his mortgage; that the plaintiff bank and defendant, Will, were at all times fully informed that the conveyance of the land was made for the purpose above set forth, and took said property, sold the same, and accepted the proceeds subject to that specific trust; that the plaintiff and defendant should be required to make an accounting of their acts; and that the money should be deposited with the clerk of courts to be distributed in accordance with the trust agreement of the parties.

Although the plaintiff's complaint states in less detail the transactions between the parties, it sufficiently alleges the giving of the note for $588 and $600, respectively, the execution of a mortgage to the mortgagees in trust, the deed by intervener to Will, the sale of the land for $1,686.54, and Will's retention of the entire amount despite the fact that the deed to Will was for the benefit of the parties interested in the two mortgages. It prayed for an accounting between the parties and that the amount due to the plaintiff bank from the defendant, Will, be determined by the court and impressed with the trust and defendant required to pay to the plaintiff the amount found due and owing to the plaintiff.

Defendant's answer admitted receiving the deed and also admitted that the mortgage recited that it was executed as security for the payment of a note for $500 to one W. W. McCurdy, but alleged that, in fact, the intervener, R. H. McCurdy, was not indebted to W. W. McCurdy, and that there never was any delivery of the note to the said W. W. McCurdy; that intervenor's quitclaim deed to defendant, Will, as grantee was executed in discharge of any liability of the intervener to the defendant on the promissory note of $600 and on the express agreement that defendant, Will, should pay said note and surrender the same; that he did pay the note and paid the taxes on the real estate, paying on said note and taxes the sum of $1,006.65. He admits that he received on the sale of the land the sum of $1,686.54, that he paid no part thereof

to the plaintiff bank, and denies that he ever agreed to pay to plaintiff bank the excess of any amount received by him upon sale of said real estate over and above the amount of his investment in said land, as plaintiff in its complaint alleged.

Plaintiff's complaint and the complaint in intervention, though differing in some respects, both sufficiently alleged that, before the transfer by Will to the purchaser, Will held the legal title as trustee. Part of the consideration for the deed to Will was the satisfaction of the note to plaintiff bank. Had Will then disclosed his intention to retain all proceeds of a sale of the land, equity would have declared, in an appropriate proceeding, that he held such title in trust. Section 372, R. C. 1919. But this intention, contrary to the assurance of his written agreement with the examiner in charge that the Vessey note should first be paid and then the note of plaintiff bank, was not then disclosed. Only when the examiner in charge was about to divide the proceeds between the two beneficiaries by paying appellant in full and retaining the residue for his bank, which was, indeed, entitled to an aliquot part, did appellant disclose his intention to keep all the proceeds of the sale. He then took the draft which was payable to himself, he being the grantor, and walked out of the bank, with the remark: "This draft belongs to me." He cashed the draft, refused to pay any part of it to plaintiff bank or intervener, and now contends that, as against himself, the cause of action is one for the recovery of money only, and therefore he is entitled to a jury trial.

This contention ignores the fact, found by the trial court on abundant proof, and sufficiently alleged, that title to the land was conveyed to him as trustee for the benefit of the bank and Vessey. It ignores the prayer of both complaints that the proceeds of the sale should be impressed with that trust and that he should be required to account as trustee for all moneys in excess of the amount of the Vessey note, on which he was guarantor. Section 1194, R. C. 1919, is as follows: "One who gains a thing by * * * the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

If we overlook the fact that McCurdy not only wants his notes to plaintiff bank and to Vessey to be canceled and returned

to him, and also wants the excess, if any, of the moneys received over and above the amount of the tax and mortgage lien, still, before the plaintiff bank was entitled to recover any mere money demand from appellant, Will, it was necessary for it to allege and prove, as it did, that Will held the land, and subsequently its proceeds, as trustee. This was peculiarly an issue to be tried by court. Having taken jurisdiction for that purpose, the trial court properly retained jurisdiction, even though it did adjudge, inter alia, that plaintiff bank and intervener have judgment against defendant, Will, in the sum of $769.78 and interest. It also adjudged, on sufficient findings, that defendant held that sum in his hands in trust for the payment of intervener's note to plaintiff, that plaintiff should use the moneys collected from defendant in payment of intervener's note to plaintiff, and that defendant should cancel and surrender the note given by intervener to Vessey.

Appellant assigns other errors. These have been considered.

No prejudicial error appearing, the judgment and order appealed from should be, and they are, affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.