FIRST NATIONAL BANK OF MILES CITY, Mont., Appellant, v. ERLING BROS. et al, Respondents.

(249 N. W. 681.)

(File No. 7509. Opinion filed July 7, 1933.)

*Robert D. Jones,* of Milbank, and *Max Royhl,* of Huron, for Appellant.

*Doyle & Mahoney,* of Sioux Falls, for Respondents.

ROBERTS, J. This action was instituted to recover upon a promissory note and to foreclose a chattel mortgage given to secure payment of the note. The defendants in their answer admit the execution and delivery of the note and mortgage, that the note has not been paid, and that the chattel mortgage is a first lien upon the property described in the complaint, but by way of counter-claim alleged that the defendants made fraudulent representations and warranties, relied upon by the defendants, concerning the sale of sheep upon which transaction plaintiff's note and mortgage are predicated. The plaintiff, replying, denies that it ever sold any sheep to the defendants, that it ever made any representations of any kind relative to or concerning any sheep, and that it ever had or owned any interest whatever in such property.

After issue had been joined in the action and on application of the plaintiff, an order was made by the circuit judge fixing the time and place of trial of the case to the court. Thereafter, upon application of the defendants, an order was made setting aside the prior order and granting the application of the defendants for a trial of the action by a jury, and it is from this order that the plaintiff appeals.

The defendants contend that the order is not appealable. This court in State Bank of Cuthbert v. Carlton, 44 S. D. 199, 183 N. W. 119, 120, held that an order granting a motion that an action be tried before the court without a jury "involves the 'merits' of the action" within subdivision 4, § 3168, Rev. Code 1919, and is appealable. But defendants urge that the holding is not applicable to an order granting a motion for trial by jury. Section 2492, Rev. Code 1919, provides as follows: "An issue of law must be tried by the court or by the judge. An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived as provided in section 2524. Every other issue is triable by the

court which, however, may order the whole issue or any specific question of fact involved therein, to be tried by a jury, or may refer it as provided in sections 2530 and 2531."

This section, after directing that in certain actions issues of fact must be tried by a jury unless waived or unless a reference is ordered, provides that in other cases issues of fact must be tried by the court subject to its power to order any such issue to be tried by a jury. While the different forms of civil actions have been abolished by the reform procedure, the intrinsic distinction between legal and equitable actions has not been destroyed. Kenny v. McKenzie, 25 S. D. 485, 127 N. W. 597, 49 L. R. A. (N. S.) 782; Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343. The distinction is recognized in the provisions of section 2492. Its provisions requiring a jury trial where there is an issue of fact for the recovery of money only or of specific real or personal property include every right which might have been asserted in any case at law under the common-law system. Gray Construction Co. v. Hyde, 49 S. D. 543, 207 N. W. 536; Citizens' State Bank v. Will, 57 S. D. 411, 232 N. W. 910. There is also the recognition of the right to have equitable issues tried according to the established equity practice.

The order does not purport to refer issues in an equity proceeding in which the court may try all the issues or may on the application of counsel or on its own motion refer any question on which he prefers the judgment of a jury to that tribunal. The mode of trial is a matter of right, and the appealability of an order granting a trial by jury is not distinguishable from an order refusing a jury trial. It is only in a case presenting issues requiring the exercise of equity powers that the trial court may exercise a discretion in calling a jury, not for the purpose of securing a determination of disputed facts by that tribunal, but an advisory verdict or findings.

The cause of action set forth in the complaint for the foreclosure of a chattel mortgage concededly is one triable to the court without a jury. The contention of defendants is that all equitable issues presented by the complaint having been admitted are eliminated, and that the only issues remaining are those presented upon the counterclaim which are triable by the jury. Did the trial court err in granting the motion of the defendants for a jury trial?

The rule is announced in Richardson v. Kerns, 56 S. D. 437, 229 N. W. 301, that, when a defendant sets up a legal defense to an equitable cause of action, it does not change the character of the proceedings or entitle him to demand a jury trial. The answer therein admitted the execution, delivery, and nonpayment of the note upon which the action was instituted and of the chattel mortgage sought to be foreclosed, and alleged the affirmative defense that plaintiff materially altered the note without defendants' knowledge or consent. As is stated in that case, "a court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter."

██ And by the clear weight of authority the interposition by the defendant in an equitable action of a counterclaim of a legal nature gives him no right to a jury trial either of the action generally or of the issues raised by the counterclaim. 16 R. C. L. 213; 35 C. J. 177; Johnson Service Co. v. Kruse, 121 Minn. 28, 140 N. W. 118, Ann. Cas. 1914C, 850, and note.

In Morrissey v. Broomal, 37 Neb. 766, 56 N. W. 383, 385, the court said: "Did this counterclaim of the appellant for damages oust the court of its equitable jurisdiction? Is a defendant to a purely equitable suit entitled as a matter of right and law to a jury for the trial of an issue of law which he has voluntarily brought into the case? We think not. The appellant had a right, if he was so minded, to file his counterclaim for damages in this equity suit. It was an independent cause of action existing in his favor and against appellees, but appellant's cause of action on his counterclaim was not lost to him or barred had he left it out of this suit. The action as made by the appellees in their cross petition was one purely of equitable cognizance; but part of the relief demanded by the appellant could only be granted by a court of equity. The familiar principle is that when a court of equity acquires jurisdiction over a cause for any purpose it may retain the cause for all purposes, and proceed to a final determination of all the matters put at issue in the case."

In Installment Building & Loan Co. v. Wentworth, 1 Wash. 467, 25 P. 298, involving the foreclosure of a mechanic's lien, the court said: "The defendant demanded a trial by jury upon the

issues raised by its answer and the reply thereto. This was re-
fused by the court, and its action in so doing is relied upon as
cause of reversal. That the foreclosure of a mechanic's lien is
properly cognizable in a court of equity is not denied, but it is
contended that as the defendant had a right under our statute to
interpose a legal defense, all rights incident to such legal defense,
and the issues made thereon, went with it, including that of a trial
by jury. With this contention we cannot agree. A court of equity,
having once obtained jurisdiction of the cause, will retain it until
final determination."

A counterclaim of legal nature may be interposed in an equity
proceeding. The defendant, however, may bring an action on his
counterclaim, in which case he would have a right to a trial by
jury of the issues of fact. But he may elect to set up his cause
of action by way of counterclaim. Having made his election, he
cannot claim the right to a jury trial and divest the court of equity
jurisdiction. We have said that the elimination of equitable issues
by admissions in an answer and the interposition of a legal affirma-
tive defense to an equitable cause of action does not change the char-
acter of the proceedings or entitle the defendant to demand a jury
trial, and that in such case a court having acquired equity jurisdic-
tion would retain such jurisdiction for all purposes and dispose of
all the issues presented. Richardson v. Kerns, supra. There is no
logical reason for a different holding where the allegations of the
complaint are admitted and a counterclaim of a legal nature is
interposed.

This conclusion is not contrary to the decision of this court in
State Bank of Cuthbert v. Carlton, supra. The complaint in that
case stated facts presenting an equitable cause of action and also
legal cause of action. A plaintiff cannot by joining a legal with an
equitable cause of action deprive a defendant of his right to a
jury trial. Where such causes of action are joined, it would fol-
low that the legal cause of action and any counterclaim presenting
legal issues would entitle the defendant to a jury trial thereof.

In Purcell v. International Harvester Co., 37 S. D. 517, 159
N. W. 47, it is in substance stated that, where issue is taken on
the averments of a complaint stating an equitable cause of action,
the trial court may order such issue to be tried by the court and
the issues arising under a counterclaim and reply thereto to be tried

by a jury. Much that was said in that case is dictum, in view of the record, and this fact was inferentially recognized in State Bank of Cuthbert v. Carlton, supra, wherein it is said, referring to the Purcell Case: "If the complaint stated any cause of action at all, it was one for equitable relief. Having started an action triable to the court, the plaintiff in that action could not complain of the court's order placing the case on the court calendar when he did not even move that the issues on the counterclaim be submitted to a jury."

Where a defendant voluntarily pleads a counterclaim in an equitable proceeding, he should not be permitted to prevent the plaintiff from having his equitable cause proceed to determination according to the established equity practice.

The order appealed from is reversed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur.
CAMPBELL, J., not sitting.