LORENZO BURROWS, ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BURROWS, DECEASED, v. A. H. VANDERBERGH ET AL.

FILED MAY 20, 1903. No. 12,738.

1. **Constitutional Law: CONSTRUCTION OF STATUTE.** The validity of the so-called deficiency judgment law of 1897 can be upheld only by construing it, in connection with section 2, chapter 88 of the

Compiled Statutes, in such manner as to bring it into harmony with the supreme law of the land as interpreted by the supreme court of the United States. So construed, it does not impair or affect any remedy upon any contract entered into before its enactment.

2. **Deficiency Judgment.** The act of 1897, above mentioned, does not take away or impair the right of the holder of a mortgage executed before its enactment, to apply for and obtain, in an action for the foreclosure of the instrument, a personal judgment for a residue of the mortgage debt remaining after the application of the proceeds of the foreclosure sale.

3. **Impairing the Obligation of a Contract.** An act of a state legislature which is designed, and if enforced would be effectual, to deprive the obligees of existing contracts of an important and efficient remedy for the enforcement of the same, is an act impairing the obligations of such contracts and is in contravention of section 10, article 1 of the constitution of the United States.

ERROR to the district court for Webster county: ED L. ADAMS, DISTRICT JUDGE. *Reversed.*

*E. A.: Overman* and *L. H. Blackledge,* for plaintiff in error.

*Bernard McNeny, contra.*

SULLIVAN, C. J.

This action was brought by Lorenzo Burrows as administrator of the estate of William R. Burrows, deceased, to foreclose a mortgage given by A. H. and Anna Vanderbergh upon real estate in Webster county. The mortgage was given in 1892 to secure a note which by its terms became due and payable in August, 1897. The defendants were personally served with summons, but made no defense and judgment went against them by default. The mortgaged property was afterwards sold under the decree, but, the amount realized from the sale being insufficient to pay the debt and costs of foreclosure, the plaintiff applied to the court by motion for a deficiency judgment. The application was refused and the order refusing it is by this proceeding brought here for review.

The precise question raised by the record and discussed

in the briefs is whether chapter 95 of the laws of 1897 is effective in a case of this kind, that is, where the action is founded upon a mortgage which was in existence with conditions unbroken at the time the statute was adopted.

Without accepting the theory advanced by counsel for plaintiff that this law is unconstitutional, we have reached the conclusion that the motion for a personal judgment against the defendants should have been sustained. When the mortgage in suit was given the statutory law on the subject of the foreclosure of mortgages among other things provided:

(Code, section 847.) "When a petition shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution, as in other cases, against other property of the mortgagor.

"Sec. 848. After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court.

"Sec. 849. If the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the petition, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases."

By the act of 1897 the right of a mortgagee to recover a deficiency judgment, whether given by these sections or

existing independently of them, would, in the absence of a saving statute, be wholly abrogated. Sections 847 and 849 were repealed and section 848 was amended by striking out the words "unless authorized by the court." This legislation, it must be conceded, does not take away or impair the right of a mortgagee to a deficiency judgment in any case where his mortgage was, or might have been, in process of foreclosure at the time of its enactment. *Thompson v. West,* 59 Neb. 677; *Patrick v. Nat. Bank of Commerce,* 63 Neb. 200; *Merrill v. Miller,* 2 Neb. (Unof.) 630; *Brayton v. Oaks,* 2 Neb. (Unof.) 593.

When the act of 1897 was adopted there was in force, as there still is, an act concerning the enacting and repealing of statutes (Compiled Statutes, chapter 88; Annotated Statutes, 6966), the second section of which declares:

"Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of actions not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."

It is to be presumed that the legislature had this statute in mind when it adopted the act of 1897, and it is to be presumed also that the enactment of a constitutional law was intended. Although a mortgagee may still sue at law in the first instance, it can not, we think, be said that such an action will in every case furnish so efficient and satisfactory a remedy as to prevent the deprivation of the right to a deficiency judgment as it formerly existed from being an impairment of contract obligations within the meaning of the federal constitution. *Barnitz v. Beverly,* 163 U. S. 118, and cases there cited.

In this case we must either hold that the legislature exceeded its authority in adopting the act of 1897 or else that the right to a deficiency judgment in an action based upon a mortgage which was executed before, but matured after, that act took effect is saved and preserved by section 2 of chapter 88, aforesaid. The latter view seems to us the more just and reasonable. No doubt a precise and

accurate conception of a cause of action is a right to sue resulting from the violation of an obligation or duty, but certainly this is not the only sense in which the term is used. It has been held with respect to contracts that the contract itself and not merely the breach of the obligation which it creates is the cause of action. *Wurtele v. Lenghan,* 1 Quebec, 61; *Alderton v. Archer,* 14 Q. B. Div. 1; *Jackson v. Coxworthy,* 12 L. C. R. 416. In *Emerson v. Steamboat, Shawano City,* 10 Wis. 377, 379, Dixon, C. J., speaking for the court said:

"Although a cause of action may not, in general, be said to have *accrued* until the time of credit, if any, has expired, yet in giving a construction to the particular words of a statute, we are to look to the whole act, and from it determine the sense in which they are used, so as to give effect to the legislative intent. The verb 'to accrue' is often and properly used to convey the same idea as the verb 'to arise.' Such is evidently the sense in which it is here used. A cause of action may be said to arise, when the contract out of which it grows is entered into or made."

The supreme court of California, discussing a question of procedure in a case founded on contract, said:

"The action, therefore, springs from the obligation, and hence the 'cause of action' is simply the obligation." *Frost v. Witter,* 132 Cal. 421, 426.

There is, so far as we can discover, no reason at all why the legislature, in enacting the general saving statute, should make a distinction between contracts upon which an action may be maintained at once and those not yet due. Each class of contracts seems entitled to exactly the same consideration and in our opinion both are within the meaning of the clause, "Causes of action not in suit." The qualifying clause, "that acrued prior to any such repeal," has reference, not to the time when the right to institute an action accrued, but to the time when the obligation out of which the action arose came into existence. This construction of the general saving law is consonant with reason and brings the act of 1897 into entire harmony with

the provision of the federal constitution inhibiting the enactment of any law impairing the obligation of contracts.

It results from what has been said that the decision of the district court denying the plaintiff's motion for a deficiency judgment should be reversed and the cause remanded for further proceedings.

REVERSED.