JOHN H. DANIELS ET AL. V. MUTUAL BENEFIT LIFE INSURANCE COMPANY.

FILED FEBRUARY 9, 1905.   No. 13,695.

1. **Mortgages: DEFICIENCY JUDGMENTS.** The law of 1897, repealing the statute which permitted deficiency judgments, has no application to real estate mortgages executed before the passage of that act.

2. **Jury Trial.** On a motion for a deficiency judgment in the foreclosure of a real estate mortgage executed prior to the passage of the law of 1897, the mortgagors are not entitled to a trial by a jury.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Charles W. Haller,* for plaintiffs in error.

*Warren Switzler* and *Clency St. Clair, contra.*

OLDHAM, C.

This is a proceeding in error to reverse the judgment of the district court for Douglas county in entering a deficiency judgment against plaintiffs in error, who were defendants in the court below, in a proceeding to foreclose a real estate mortgage. The mortgage was made and executed September 1, 1890, to secure an indebtedness maturing within five years. When the principal debt matured it was extended by a written agreement for a further period of five years, or until September 1, 1900.

Two questions are presented: First, that as the time of the payment of the indebtedness under the extension agreement did not mature until after the repeal of the act known as the deficiency judgment law, the court was without jurisdiction to enter a deficiency judgment. This question was carefully examined by this court in the case of *Burrows v. Vanderbergh,* 69 Neb. 43, and we there held, that the act of 1897 (Laws, 1897, ch. 95), did not affect the right to a deficiency judgment—an effective part of the remedy—in a foreclosure proceeding on a real estate mortgage executed before the passage of this act.

The next question urged is that the court erred in overruling the demand of plaintiffs in error for a trial by jury on the question of their liability for a deficiency judgment. The determination of this question depends on the nature of the action at its inception. If purely equitable the right of trial by jury did not exist; if legal in its nature at its inception, although equitable defenses might be interposed, the right of a trial by jury would still remain. *Schumacher v. Crane-Churchill Co.,* 66 Neb. 440. But where the action as originally instituted seeks equitable relief alone, the interposition of a legal defense does not secure

for the defendant a right to a trial by jury of the legal defenses pleaded. *Albin v. Parmele,* 70 Neb. 746; *Sharmer v. McIntosh,* 43 Neb. 509; *Morrissey v. Broomal,* 37 Neb. 766. The action to foreclose the real estate mortgage being purely equitable in its inception, the right to a trial by jury did not arise on defendants answer to the motion for a deficiency judgment.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.