SUSAN E. REYNOLDS, EXECUTRIX, ET AL., APPELLEES, V. JOY M. WARNER ET AL.: MARY A. REYNOLDS, APPELLEE: COURTRIGHT, SIDNER, LEE & GUNDERSON, INTERVENERS, APPELLANTS.

FILED JANUARY 30, 1935. No. 29029.

*Courtright, Sidner, Lee & Gunderson, pro se.*

*Cook & Cook* and *G. P. Kratz, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Raper, District Judge.

Day, J.

The executors of the estate of Cassius S. Reynolds by their attorneys Courtright, Sidner, Lee & Gunderson, the interveners here, commenced a suit to foreclose a mortgage on real estate against Warner in Cheyenne county. This asset was assigned to Wilson B. Reynolds, Cassius J. Reynolds and their sister. The sister assigned it to her two brothers. The assignments were placed in the hands of the interveners as attorneys with instructions to proceed with the case. The attorneys filed a lien for fees and expenses in this case and for fees in other cases in Dodge county. The Reynolds brothers then assigned their interest in the decree to their mother, who was made an additional defendant upon a petition of intervention by the attorneys to enforce an attorney's lien. The fees in the Cheyenne county foreclosure case were paid. A small amount was due for costs and expenses at the time this petition of intervention was filed but was paid prior to the taking of any depositions in the case. In their answer, Reynolds brothers alleged that all fees were paid and that they stood willing to pay the expenses upon receiving information as to the amount; that the court was without jurisdiction to decree that the interveners are entitled to a lien upon the amount owing on said decree for fees claimed to be earned in Dodge county cases; that the interveners were not entitled to any fees for that the interveners wrongfully abandoned the case at a critical stage to their damage. The Reynolds brothers prayed judgment against the interveners for the damages sustained by the wrongful abandonment of the case by the interveners.

The interveners filed an answer to cross-petition in which they alleged that terminating their employment was not wrongful; that they withdrew as attorneys for Reynolds brothers in the Dodge county case because they had not been paid, and the financial condition of the Reynolds brothers was such that it did not seem likely that they would be paid; that the Reynolds brothers were not damaged by the action of the interveners.

The trial court held that an attorney cannot enforce an attorney's lien upon money in the hands of an adverse party other than for services performed by him in that particular case and that the fees claimed for services rendered in cases in Dodge county could not be enforced as a lien in this Cheyenne county case; that the fees in the Cheyenne county case were paid prior to filing the petition of intervention and that the costs and expenses were paid before the expense of taking depositions had been incurred; that the court could not enter a judgment for the reasonable value of attorney fees in the Dodge county cases for that it did not have jurisdiction to enter a judgment.

This case presents two issues for our determination: First, are the interveners entitled to a lien upon the amount owing by Warner on the judgment in Cheyenne county for fees claimed in Dodge county cases? Secondly, if the first issue is decided in the negative, are the interveners entitled to a judgment in this case against Reynolds brothers for fees claimed in Dodge county cases?

An attorney's lien upon a judgment obtained by him is allowed and regulated by statute. *Vanderlip v. Barnes,* 101 Neb. 573. Section 7-108, Comp. St. 1929, provides for an attorney's lien as follows: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party."

The interveners did not have what is often termed a possessory lien for fees in this case. True, they did at one time have in their possession the assignments of the mortgages in their possession, but they filed them in making proof for the purpose of securing the decree of foreclosure. An attorney has a general, retaining or possessory lien upon all papers of his client coming into his hands in the course of his professional employment. But such a lien depends upon possession and attaches only to papers actually in his possession. He cannot enforce by action such a lien upon a note or other obligation to pay money, because the lien attaches only to the evidence of the debt and not to the money in the hands of the debtor. *Cones v. Brooks,* 60 Neb. 698. Where an attorney files papers in his possession in court for the purpose of procuring a judgment, he surrenders his right to possessory lien. He has his choice of action at the time, either to retain the papers and his lien or to give up the papers and surrender his lien. A recognized authority states the rule substantially to be that "possession is essential to the creation and existence of an attorney's retaining lien and it expires when he parts with the possession." 2 R. C. L. 1065, sec. 153. Now, in the case at bar, the interveners, as attorneys for Reynolds brothers, claim a general or possessory lien on the fruits of the litigation, because they had such a lien upon the evidences of the debt. No such lien was created, but interveners lost their lien by parting with possession of the papers.

The interveners had then, if anything, only a so-called "charging lien" on the money due from Warner on the decree of foreclosure. Does the statute give an attorney a charging lien upon money in the hands of an adverse party for a general balance of compensation for services rendered in other cases? Taking from the statute the words applicable to the situation we have: An attorney has a lien for a general balance of compensation upon money in the hands of an adverse party in an action or proceeding in which the attorney was employed from the

time of giving notice of the lien to that party. · It shall be a lien for general balance of compensation upon money in the hands of the adverse party for services rendered in an action or proceeding. The statute does not give an attorney a lien for services rendered in other cases or for any fees not connected with the case. Ordinarily, the charging lien is confined to the fees and costs due for services rendered in the particular suit in which the judgment was recovered. We have examined many cases, including those cited by the parties. The statutes of the various states are different. In some, the statutes provide for an attorney's lien which is not limited to compensation for services rendered in the particular case, while the others limit the recovery under the lien to the services rendered in the particular case. This court is unanimously of the opinion that our statute limits recovery under an attorney's lien to services rendered in the particular case. In *Ahalt v. Gatewood,* 109 Kan. 328, the plaintiff filed an action with one attorney in Kansas and another in Missouri against the same defendant on the same cause of action. The defendant settled the case in Missouri after notice of the attorney's lien in the Kansas case. But the lien was enforced in the Kansas case for the attorney in that case.

The only case to which our attention has been directed which squarely held that an attorney has a charging lien against a judgment in one case for fees for services rendered in other cases is *Fillmore v. Wells,* 10 Colo. 228. But the statute in that case provided in unmistakable terms for such a lien.

In *Cheshire v. Des Moines City Ry. Co.,* 153 Ia. 88, the determining factor was the sufficiency of the notice to the adverse party. The lien was enforced in the same case in which the services were rendered.

The general balance of compensation for which a lien is given by our statute is that for services rendered in the case in which the lien is sought to be enforced. The dearth of authorities directly in point suggests that the claim that an attorney has a charging lien for fees for

services in other than the particular case has not been frequently asserted.

In view of our determination that the attorneys do not have a charging lien for services except those rendered in the case in which a lien is sought to be enforced, it is necessary to consider if the court should have entered a judgment in favor of interveners against Reynolds brothers. Where there is a misjoinder of causes of action apparent on the face of the petition, failure of adverse party to challenge such misjoinder of causes by a proper pleading waives the defect. *Porter v. Sherman County Banking Co.*, 36 Neb. 271.

But in the instant case, the misjoinder, if any, was not apparent from the pleadings. The petition of intervention alleged a lien for fees for services and asked equitable relief. The answer denied the allegations of the petition as to any fees being due and challenged the right to a lien, even if due. The answer then alleged in effect that if the court found any fees due and interveners entitled to a lien that they should be allowed a credit in the nature of a recoupment for damages arising from a breach of the contract of employment. The answer did not ask for a money judgment against interveners. There was no waiver of a defect of causes because not apparent. The issues as formed by the pleadings did not present a misjoinder of causes. The Reynolds brothers alleged damages and asked that they be set off against any amount the court found was due as attorney's fees for which a lien was allowed.

Furthermore, the Reynolds brothers at the beginning of the trial objected to the introduction of depositions relating to the value of services of the attorneys, unless the court find that there was a lien for fees in the Cheyenne county case, for that, if there was no equitable relief granted, they demanded a trial by jury on that issue. This preserved their right to a jury trial upon an issue in a law action.

When the trial court determined that the interveners were not entitled to equitable relief, the court was without

power to determine the legal action without the intervention of a jury. It is a general rule that, where a court in the exercise of its equity powers acquires jurisdiction for any purpose, its jurisdiction will continue for all purposes, and it will try all issues. *Seng v. Payne*, 87 Neb. 812; *Bank of Stockham v. Alter*, 61 Neb. 359. But where there is no equitable relief granted, a court of equity will generally decline jurisdiction to enter a money judgment on a legal cause of action. This is especially true where such a course would operate to deprive a party of his constitutional right to a trial by jury. The constitutional right to a trial by jury cannot be defeated by an allegation of an equitable cause of action which does not exist. See 1 Pomeroy, Equity Jurisprudence (4th ed.) secs. 237, 238; *Stockhausen v. Oehler*, 186 Wis. 277. The interveners were not entitled to equitable relief in this case, and the parties did not waive their right to a jury trial upon the question of the amount, if any, due interveners. In truth, they demanded a jury trial, and the court properly refused to try these issues without a jury, but dismissed the interveners' petition without prejudice to an action at law.

The judgment of the trial court is

AFFIRMED.