HICKMAN ET AL., APPELLEES, *v.* THE COSHOCTON REAL ESTATE CO., APPELLANT.

(Decided December 23, 1936.)

*Mr. W. M. Pomerene, Mr. A. J. Roth* and *Mr. H. M. Goldwasser,* for appellees.

*Messrs. Glenn & Glenn, Messrs. Lynch, Day, Pontius & Lynch, Mr. John G. Ketterer* and *Mr. Kenneth Cope,* for appellant.

SHERICK, J. This is the second appearance of this cause in this court. Upon its first review the judgment of the trial court was affirmed in its conclusion that the plaintiffs were not entitled to specific performance by reason of their laches, but reversed the cause at the behest of both parties because of an improper assessment of damages and remanded the same for a new trial upon that feature only.

The petition upon which the cause was twice tried alleged and prayed for specific performance of a contract of lease which was claimed to have been breached by the appellant company. It was prayed that if they were denied the equitable relief asked that in the alternative the plaintiff appellees be awarded damages in lieu thereof. Both trials resulted in a judgment for damages in appellees' favor, the last of which is now complained of by the appellant lessor in several respects. We shall first consider the final error complained of.

This cause was tried first to the court. No objection was made thereto. Neither was it urged as a ground of error in the first review that the damages were improperly found by the court without the intervention of a jury. We are advised by the record, however, that at the inception of the second trial and before the introduction of any evidence the defendant appellant moved for the impaneling of a jury to try the sole question of damages which was then before the court. This motion was denied, and, by reason thereof, it is maintained that it was thereby deprived of its con-

stitutional right to a trial by jury. The reason assigned for the trial court's ruling, which was then advanced and is now argued by appellees' counsel, is found in "the equitable rule that where a court of equity has once acquired jurisdiction, it will retain the case until complete justice has been done, settling all question incident to the principal relief sought." As a general rule of equitable jurisdiction, we have no fault to find therewith, but we do doubt its applicability to the situation now presented. It will be remembered that this court reversed and remanded the proceeding in error for trial upon the sole question of damages, which is of course a purely legal question. All equitable features of the original controversy were determined adversely to the plaintiffs and were elided from the plaintiff's cause of action.

The equitable rule upon which we are about to determine this claim of error does not appear to have ever been directly passed upon by our Supreme Court. That tribunal, however, did, in *Gunsaullus, Admr.*, v. *Pettit, Admr.*, 46 Ohio St., 27, 17 N. E., 231, say that:

"The code provides, Section 5130 R. S. [Now Section 11379, General Code], that issues of fact arising in actions for the recovery of money only, shall be tried by a jury, unless waived by the parties. * * * Hence the right of a party to trial by jury, in a given case, does not depend upon the character of the principles upon which he may base his right to relief, but upon the nature and character of the relief sought. If the relief sought is a money judgment only, and all that is required to afford him a remedy, it is immaterial whether his right of action is based upon what were formerly regarded as equitable, or upon what were regarded as legal, principles. In either case the remedy must be sought in the civil action of the code; and, in it, trial by jury is given upon all issues of fact where the relief sought is a money judgment only."

May we again point out that the cause of action tried upon retrial was a strictly legal one for damages for money only. No equitable relief was sought or awarded or could have been allowed. Had the relief sought and obtainable been properly equitable in character in part, it would have drawn unto itself the legal remedy incident thereto; but when no equitable remedy is requested or granted or could be awarded, there is a failure to establish any ground for equitable jurisdiction or consideration by a court of equity of a purely legal question for which the law provides adequate and complete relief.

In the note appearing in 19 L. R. A. (N. S.), 1065, the writer collects the authorities and correctly states that:

"The preponderance of opinion in relation to the subject under consideration clearly seems to be that where a case for relief in equity fails, a court of equity is without jurisdiction to award other relief by way of disposing of the entire controversy; unless, indeed, it appears that the remedy at law will be inadequate. Otherwise, as the courts have frequently pointed out, a litigant, by a pretended claim for equitable relief, might deprive his opponent of advantages incident to an action at law."

This rule is not new. If Story's Equity Jurisprudence (14 Ed.), Volume 3, page 476, Section 1085, wherein the early English authorities are reviewed, is examined, it will be gleaned that Story considered that where the ground for equitable jurisdiction fails and damages are asked in the alternative that the cause should be relegated to courts of law (or the law side of our dual court's personality) and that damages ought only to be awarded by courts of equity when incidental to some equitable relief which is granted.

Out of numerous adjudicated cases, reference to two is sufficient to illustrate the modern view of the ma-

jority holdings. In *Wimer* v. *Wagner,* 323 Mo., 1156, 20 S. W. (2d), 650, 79 A. L. R., 1231, it is stated in the syllabus of A. L. R.:

"The rule that equity, having once become possessed of a cause, will retain it for the purpose of administering full and complete relief, does not apply when the facts relied on to sustain the equity jurisdiction fail of establishment."

In the recent case of *Reynolds* v. *Warner,* 128 Neb., 304, 258 N. W., 462, 97 A. L. R., 1128 (1133), the court says:

"It is a general rule that, where a court in the exercise of its equity powers acquires jurisdiction for any purpose, its jurisdiction will continue for all purposes, and it will try all issues. * * * But where there is no equitable relief granted, a court of equity will generally decline jurisdiction to enter a money judgment on a legal cause of action. This is especially true where such a course would operate to deprive a party of his constitutional right to a trial by jury."

It has frequently been held that one's right to a trial by jury may be extended but it may not be abridged. When equity operates on strictly legal matters in which the law affords an adequate and complete remedy, and courts of equity do not and cannot award equitable relief, equity then does not follow the law but supersedes it and abridges the right to a jury trial insured by Section 5 of Article I of the Ohio Constitution and Section 11379, General Code. The appellant was so deprived of its constitutional right.

In view of the fact that this cause must be retried to a jury, and the rule that this court shall pass upon the errors assigned, we shall proceed to consider the irregularities claimed which pertain to the proper proof of damages and the measure thereof.

Before proceeding therewith, it must be understood that the contract entered into and breached in this in-

stance was the leasing of ordinary business property for a ten-year term at a stipulated average term rental of $225 per month. It was covenanted that the appellant lessor was to re-condition the premises and, according to certain plans, make the building usable for the operation therein of a motion picture show. Before the completion of these repairs and before the commencement of the term the lease was breached. It will be perceived from this brief statement that the parties to this lease contracted with the understanding that the leasehold was to be used for a particular purpose. This fact is important in view of the elements of damage and the competency of testimony in ascertaining values, and the measure of damages.

The appellant maintains that the proper measure of damages is the difference, if any, between the fair rental market value of the premises at the time of breach of the contract and the rental value thereof as covenanted to be paid in the instrument of lease during and throughout the term. For adoption of the rule, the case of *Rhodes* v. *Baird*, 16 Ohio St., 573, is given as authority. We are unable to perceive that appellees seriously question this measure of damages; they do, however, entertain an opinion that evidence of such measure may be forfeited by showing anticipated profits. We do not think so. If this had been a situation where one had been wrongfully evicted from premises wherein an established business was being conducted then anticipated continuous profits might be shown as an element of damages. But such is not this case. In 99 A. L. R., 938, authorities are gathered which almost universally support the rule that is therein stated in this manner:

"The following recent cases which distinguish between a new business or enterprise and one in actual operation support the general rule, as stated in the earlier annotation, that prospective profits of a new

nonindustrial business or one merely in contemplation are too uncertain and speculative to form a basis for recovery, for the reason that there are no facts extant (provable data of past business), as in the case of an existing or established business, from which the amount of such profits may be established with reasonable certainty.''

See also 1 A. L. R., 156.

Three matters of evidence will receive brief attention. We note that plaintiff produced the evidence of three expert witnesses as to the fair market value of the premises. They are properly qualified as experts. They gave their opinion as to the value thereof. They were then further interrogated, in chief, as to what they based that value upon. Part of their answers referred to anticipated profits. Other parts thereof were competent. It is our judgment that as a whole their testimony in this respect was competent. The matter of fact that their opinion was in fact based on expected profits was rather one for cross-examination to establish. When such appeared it went to the weight of the testimony given and would not have rendered incompetent the remainder of their testimony.

It appears that the defendant called upon witnesses as to market lease value. It was developed that they were unfamiliar with lease values of picture show houses. They were therefore incompetent witnesses as to such value for the reason that the plaintiffs were entitled to have taken into consideration the fact that the parties contemplated that the building leased and conditioned was to be put to the use of a picture show place.

Appellant says that there is no proper proof made as to a market lease value in excess of the rental value. We do not find this to be true. The testimony of the three witnesses commented upon is to the contrary. It is also evidenced that the appellant's present tenant is

profitably occupying the premises at a higher rental than the lease's rental. This fact in itself is indicative, inferentially at least, of proof of a higher market lease value.

As a final claim of error it is maintained that special damages are not pleaded or proven. In as much as this case is remanded for retrial and the trial court might with propriety permit an amendment in that respect we see no need to further consider this claim.

In as much as the record discloses the ruling of the court throughout the trial to be contra to the judgment of this court herein stated, error is found to exist in this record.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and MONTGOMERY, J., concur.