NEIGHBORS & DANIESLON, A CO-PARTNERSHIP, APPELLEE, V. WEST NEBRASKA METHODIST HOSPITAL, A CORPORATION, APPELLANT.

77 N. W. 2d 667

Filed June 22, 1956. No. 33880.

*Mothersead, Wright & Simmons* and *Robert M. Harris,* for appellant.

*Stubbs & Metz,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Neighbors & Danielson, a copartnership consisting of Thomas F. Neighbors and Lester A. Danielson, was organized and exists for the purpose of practicing law in Scottsbluff, Nebraska. The partners are Thomas F. Neighbors and Lester A. Danielson, each of whom is licensed to practice law in Nebraska. The copartnership brought this action in the district court for Scotts Bluff County against the West Nebraska Methodist Hospital, a corporation. The purpose of the action is to have determined the amount of attorney's fees owing it by defendant and to enforce the payment thereof out of funds, which, by agreement, had been deposited for that purpose in the Scottsbluff National Bank. The basis for the suit arises out of the copartnership representing the defendant in connection with the estate of Marguerite M. Finch, deceased, a resident of Kimball County, Nebraska, whose last will and testament was probated in the county court thereof and later, in an ancillary probate proceeding, in Park County, Wyoming. The hospital was named as a legatee in her will. This representation covered a period of about 3 years. The trial court found generally for the plaintiff and that it was entitled to recover, for services rendered and expenses incurred,

the sum of $8,375.52 and to have enforced its lien for that amount out of funds deposited in the Scottsbluff National Bank under and pursuant to the terms of the parties' agreement hereinbefore referred to. It entered judgment accordingly. Its motion for new trial having been overruled, defendant perfected this appeal.

Appellee's amended petition, upon which the cause was tried, referred to and made a part thereof a "Contract and Stipulation" entered into by the parties on June 4, 1954. Under this agreement $8,375.52 of a $14,-212.29 check was deposited in the Scottsbluff National Bank in a special account out of which any judgment entered by a court of competent jurisdiction in favor of appellee was to be paid. A condition of this agreement was that appellee release its lien filed with the district court of Park County, Wyoming, and also with the administrator of the Marguerite M. Finch estate. Doing so released to the hospital $5,836.77 which was the balance of the $14,212.29 check that had been issued by the Wyoming administrator to the hospital but was being held by appellee under and by authority of its lien above referred to. The agreement preserved appellee's lien on the $8,375.52.

Appellant complains of the fact that it was denied a trial by jury, having made a motion for that purpose. The case was tried by the court. Ordinarily the value of an attorney's services is a question for a jury. Prince v. Pathfinder Life Ins. Co., 133 Neb. 705, 276 N. W. 661; § 25-1104, R. R. S. 1943; Art. I, § 6, Constitution of Nebraska.

However, when a cause of action for equitable relief is pleaded a jury cannot be demanded as a matter of right for the trial of any issue in the case. This is true even though the defendant sets up a legal defense, for when a court of equity acquires jurisdiction over a cause for any purpose it may retain the cause for all purposes and proceed to a final determination of all matters put at issue in the case. Sharmer v. McIntosh, 43 Neb. 509,

61 N. W. 727; Morrissey v. Broomal, 37 Neb. 766, 56 N. W. 383; Daniels v. Mutual Benefit Life Ins. Co., 73 Neb. 257, 102 N. W. 458.

In Jones v. Duff Grain Co., 69 Neb. 91, 95 N. W. 1, we said: "The object of special or charging liens is to protect the claim of the attorney by equitable interference of the court and to secure to him payment of just charges out of the fruits of his own labor." We then went on to say: "* * * unless the proceeds have come into the attorney's hands, he must invoke the equitable aid of the court to ascertain the existence and amount of the lien before any steps can be taken to enforce it." See, also, 5 Am. Jur., Attorneys at Law, § 242, p. 407.

While section 7-108, R. R. S. 1943, provides for attorney's liens, they can, however, be created by agreement. Tuttle v. Wyman, 149 Neb. 769, 32 N. W. 2d 742. And this is true of a charging lien for, as stated in Tuttle v. Wyman, *supra:* " 'Moreover, a charging lien may arise out of an agreement between a client and his attorney that he is to receive a portion of the judgment recovered or of the proceeds thereof, provided it appears to be the intention of the parties that such judgment or proceeds is to be looked to for security.' 7 C. J. S., Attorney and Client, § 211, p. 1146. See, also, 5 Am. Jur., Attorney and Client, § 221, p. 394."

We think that is the nature of the lien here created by the agreement of the parties and is enforceable by an independent action in equity.

"Ordinarily, the charging lien is confined to the fees and costs due for services rendered in the particular suit in which the judgment was recovered." Reynolds v. Warner, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128.

It is enforceable by intervention in the original action. Tuttle v. Wyman, *supra.* However, as here, when a charging lien is created by agreement, an action to establish and enforce it is within the equity jurisdiction of the court. As stated in 5 Am. Jur., Attorneys at Law, § 244, p. 408: "In the absence of statutes giving juris-

diction to courts of law, the proper method—or, at least, one method—for enforcing an attorney's charging lien is by a resort to equity; such a lien is equitable in its nature." Then it goes on to state: "In some instances, a formal suit should be instituted; in others, an application to the court rendering the judgment for the proper order is sufficient."

A purported bill of exceptions filed herein was quashed. Consequently, the only issue that will be considered on this appeal is the sufficiency of the pleadings to support the judgment rendered. As stated in Zenker v. Zenker, 161 Neb. 200, 72 N. W. 2d 809: "In the absence of a bill of exceptions it will be presumed that issues of fact presented by the pleadings were established by the evidence, that they were correctly decided, and that the only issue remaining for this court is the sufficiency of the pleadings to support the judgment." See, also, Doon v. Adcock, 127 Neb. 335, 255 N. W. 548.

Let us assume, solely for the purpose of discussion, that the trial court was in error in denying the appellant a jury trial. We still do not think a reversal would be proper for all errors are not necessarily prejudicial. See, Ring v. Duey, *ante* p. 423, 76 N. W. 2d 433. As stated in Hoerler v. Prey, 125 Neb. 822, 252 N. W. 327, where no conflict appeared in the evidence adduced: "A verdict would have had to be directed for the appellee. Hence, there was no prejudicial error in denying a jury trial." In the case at bar, in order for appellant to demonstrate that such ruling was prejudicial, it would be necessary for it to show that the evidence adduced presented a jury question in fact. If not, the erroneous ruling would not be prejudicial. Without the bill of exceptions this court is not in a position to affirmatively say the error was prejudicial.

In view of what we have said we find nothing to require a reversal of the trial court's decree and therefore order that it be affirmed.

AFFIRMED.